{¶ 42} I concur with the majority in the within case. I write separately to emphasize three points.
 {¶ 43} First, the assigned errors all claim error by the trial court in adopting the findings and conclusions of the magistrate. However, since appellant failed to object to the magistrate's decision and there is no transcript of the testimony of the proceedings held before the magistrate properly before this court, our entire analysis is conducted under the plain error standard of review. Civ. R. 53(D)(3)(b)(iii) and (iv). I agree with the majority's conclusions that "* * * the racing of stock cars does not constitute an expansion or substantial alteration of the use of the property from its prior use as a track for racing * * *", and that "* * * the addition of stock cars does not constitute a substantial alteration of this use," but only because of the fact we are reviewing this in the context of the plain error standard.
 {¶ 44} Second, I write to clarify that I do not believe we find, nor tacitly agree with, the contentions in appellee's brief that assert: 1)"[t]he fact that the motor vehicle being raced is new, popular, or a different class of motor vehicle is not relevant;" and 2) "[t]heuse of the property has not changed. The use is a raceway for motor vehicles." (Emphasis in original.) As the majority correctly noted, non-conforming uses are not favored. In this case, the precedent from this court has clearly established that the type of motor vehicle being raced is relevant. Deerfield Twp. Trustees v. Kays (Dec. 28, 1990), 11th Dist. No. 90-P-2177, 1990 Ohio App. LEXIS 5842, *5-6. This court found that since the racing of motorcycles had been discontinued for a period of two or more years, racing this type of "motor vehicle" was no longer a valid, non-conforming use. Id. *Page 13 
Clearly, the precedent from this court establishes that the type of motor vehicle being raced matters.
 {¶ 45} The magistrate has made findings that the type of vehicles being raced now are actually slower and quieter than the vehicles raced previously. This analysis resulted in the magistrate finding that the use is less noxious than the vehicles previously used. Therefore, it is apparently not an expansion or change of a prior non-conforming use, but rather a more "conforming" use. Without a proper transcript and under our standard of review, this conclusion must be accepted. On its face, the approach appears to be well-reasoned and logical. However, applying the same logic, caution should be exercised in the finding and conclusion of the magistrate that a whole host of vehicles "and their future and functionally similar variants" are allowed as non-conforming uses. If any of the future vehicle uses have more "nonconforming" characteristics (for example, by virtue of their speed or noise), they should be subject to regulation.
 {¶ 46} The magistrate's conclusion that there really was no "change" in the non-conforming use defeats appellant's argument that appellee failed to comply with Section 602(d) of the Deerfield Zoning Resolution, which requires application to the Board of Zoning Appeals for a "change" in a non-conforming use.
 {¶ 47} Finally, while it has not been addressed by appellant in its brief, the magistrate stated, with regard to appellant's other two issues, that stopping racing activity at 11:00 p.m. and limiting noise levels at the track "have not been shown to be a real problem." I would not want anything in this ruling to suggest that the township bore the burden of establishing that expanding the use by increasing the hours of operation outside the previous hours of operation "was a problem." If it is, in fact, an expansion of *Page 14 
the prior use, I am unaware of any case law that suggests the township must show it to be "a problem" in order to limit the expansion. However, once again, without the benefit of a proper transcript and due to appellant's failure to object to the magistrate's decision, this would be reviewed under a plain error standard of review. Civ. R. 53(D)(3)(b)(iii) and (iv). *Page 1